UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JOHN BOGGIO and JAMES                        Case No. 18 CV 2998
BOGGIO,
                    Plaintiffs,                **COMPLAINT**

      -against-                                         JURY DEMAND

THE CITY OF NEW YORK, P.O.
RYAN C. ALOISE [SHIELD # 7458],
P.O. PATRICK LYNCH [SHIELD #
12700], SERGEANT JAMES
ARMSTRONG [TAX REG. # 949969],
and JOHN DOE AND JANE DOE #1-3
(the names John and Jane Doe being
fictitious, as the true names are
presently unknown),
                    Defendants.
------------------------------------------------------------------X


Plaintiffs, JOHN BOGGIO and JAMES BOGGIO, by their attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, P.O. Ryan C. Aloise [Shield # 7458], P.O. Patrick Lynch [Shield # 12700], Sergeant James Armstrong [Tax Reg. # 949969], and John Doe and Jane Doe #1-3 (collectively, "defendants"), respectfully alleges as follows:

1.      This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983, [and arising under the law and statutes of the City and State of New York].

<u>JURISDICTION</u>

2.      The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3.      As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

THE PARTIES

4.      Plaintiffs are and were at all times material herein residents of the United States and the State of New York.

5.      Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

6.      The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

7.      Defendant P.O. Ryan C. Aloise [Shield # 7458] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

8.      Defendant P.O. Patrick Lynch [Shield # 12700] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

9.      Defendant Sergeant James Armstrong [Tax Reg. # 949969] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

10.     Defendants John Doe and Jane Doe #1-3 were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

11.     Defendants Aloise, Lynch, Armstrong, and John Doe and Jane Doe #1-3 are collectively referred to herein as "defendant officers".

12.     At all times material to this Complaint, the defendant officers acted towards plaintiffs under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13.     On or about October 27, 2017, at approximately 2:00 p.m., defendant officers, acting in concert, arrested plaintiffs without cause on Jamaica

Avenue, at or close to its intersection with 163rd Street, Queens, New York, and charged each plaintiff with N.Y. PL 165.30(2) 'Fraudulent accosting', N.Y. PL 225.05 'Promoting gambling in the second degree', N.Y. PL 225.30(a)(2) 'Possession of a gambling device', and N.Y. PL 240.20(2) 'Disorderly conduct'.

14.    Plaintiffs, however, did not accost and/or intend to defraud any individual of money or other property, did not advance or profit from any unlawful gambling activity, were not in possession of any gambling device, did not obstruct any vehicular or pedestrian traffic, and did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

15.    Prior to the arrest, plaintiffs were attempting to locate the bus stop to catch the bus home after meeting with a friend.

16.    As plaintiffs briefly stopped to find their way, they were suddenly accosted and arrested by defendant officers who stated out loud that the plaintiffs allegedly "fit the description".

17.    Following the arrest, defendant officers tightly handcuffed the plaintiffs with their hands placed behind their backs.

18.    Defendant officers then subjected each plaintiff to an illegal and warrantless search.

19.    Defendant officers' illegal and warrantless search of the plaintiffs did not yield any contraband.

20.    Notwithstanding the above, defendant officers forcibly pushed the plaintiffs into their police vehicle and transported the plaintiffs to NYPD-103rd Precinct.

21.    After detaining the plaintiffs for a lengthy period of time at the precinct, plaintiffs were transported to the Central Booking to await arraignment.

22.    While plaintiffs were awaiting arraignment, defendant officers met with prosecutors employed by the Queens County District Attorney's Office.

23.    During this meeting, defendant officers falsely stated to the prosecutors, among other things, that the plaintiffs accosted and/or intended to defraud

3

certain unknown individuals of money or other property, advanced or profited from unlawful gambling activity, were in possession of a gambling device, and obstructed vehicular or pedestrian traffic.

24. Based on the false testimony of the defendant officers, the prosecutors initiated criminal actions against the plaintiffs.

25. The prosecutors subsequently conducted an independent investigation and concluded that there was no evidence of any crime committed by either plaintiff.

26. As a result, the prosecutors declined to prosecute the plaintiffs.

27. After detaining the plaintiffs for a lengthy period of time, defendant officers summarily released the plaintiffs from their unlawful detention.

28. Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

29. Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiffs.

30. As a result of the aforesaid actions by defendants, plaintiffs suffered and continue to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

31. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 30 of this complaint as though fully set forth herein.

32. The conduct of defendant officers, as described herein, amounted to false arrest.

33.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

34.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

35.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 34 of this complaint as though fully set forth herein.

36.     The conduct of defendant officers, as described herein, amounted to excessive use of force.

37.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

38.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

39.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 38 of this complaint as though fully set forth herein.

40.     That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

41.     Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

42.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

43.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant officers

44.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 43 of this complaint as though fully set forth herein.

45.     Defendant officers denied the plaintiffs their due process rights to be free from continued detention after it was or should have been known that the plaintiffs were entitled to release.

46.     The conduct of defendant officers, as described herein, amounted to unreasonable detention.

47.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

48.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: FABRICATION OF EVIDENCE - against defendant officers

49.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 48 of this complaint as though fully set forth herein.

50.     Defendant officers manufactured evidence of criminality against the plaintiffs which the prosecutors relied upon to initiate criminal actions against the plaintiffs.

51.     The conduct of defendant officers, as described herein, amounted to fabrication of evidence.

52.    Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

53.    Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: UNREASONABLE SEARCH & SEIZURE - against defendant officers

54.    By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 53 of this complaint as though fully set forth herein.

55.    Defendant officers subjected plaintiffs to unreasonable search & seizure.

56.    Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

57.    Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

58.    By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 57 of this complaint as though fully set forth herein.

59.    Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause

exists for such arrest. In addition, defendant City had actual and/or de facto policies, practices, customs and/or usages of failing to properly screen its prospective police officers for mental fitness, history of misconduct, good moral character and propensity for violence.

60.     Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals on the pretext that they were involved in a crime.

61.     Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

62.     In addition to the named individual defendants, several officers of the NYPD assigned to the NYPD-103rd Precinct -- as the named individual defendants -- routinely make unlawful arrests charging innocent persons with various crimes and/or offenses.

63.     Most of the arrests and charges made by officers assigned to the NYPD-103rd Precinct are usually voided and/or dismissed by prosecutors for lack of evidence.

64.     Defendant City of New York has settled numerous lawsuits brought in this district against several officers assigned to the NYPD-103rd Precinct concerning similar arrests and charges as those described herein. *See, e.g.*, *Tony Holley v. City of New York* (17 CV 278); *Eric Davis v. City of New York* (16 CV 385); *Wayne Brisbane v. City of New York* (16 CV 384); *Tyrone Jackson v. City of New York* (13 CV 3589); *Stephanie Fulmore v. City of New York* (09 CV 3119).

65.     Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New

York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiffs' injuries as described herein.

66. The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, the excessive use of force and the right to due process.

67. By these actions, defendants have deprived plaintiffs of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

EIGHTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendants

68. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 67 of this complaint as though fully set forth herein.

69. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiffs without probable cause or reasonable suspicion, and harassing and assaulting them and depriving them of due process and equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

70. In addition, the defendant officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

71.     The defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The defendant officers acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

72.     Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiffs' state constitutional rights.

NINTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

73.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 72 of this complaint as though fully set forth herein.

74.     The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

75.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TENTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

76.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 75 of this complaint as though fully set forth herein.

77.     By reason of and as a consequence of the conduct of defendant officers, plaintiffs sustained injuries with the accompanying pain.

78.     The conduct of the defendants, as described herein, amounted to assault and battery.

79.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

ELEVENTH CAUSE OF ACTION: TORTS (UNREASONABLE SEARCH AND SEIZURE) - against defendants

80.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 79 of this complaint as though fully set forth herein.

81.     The conduct of the defendants, as described herein, amounted to degrading, humiliating and unreasonable search and seizure, and unreasonable detention.

82.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWELFTH CAUSE OF ACTION: TORTS (NEGLIGENCE AND/OR BREACH OF SPECIAL DUTY OR RELATIONSHIP) - against defendants

83.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 82 of this complaint as though fully set forth herein.

84.     Defendants failed to properly care, supervise and protect the plaintiffs, failed to ensure the plaintiffs' health and safety, and were careless and negligent in their treatment of the plaintiffs.

85.     The conduct of the defendants, as described herein, amounted to negligence and breach of special duty or relationship.

86.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

87.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 86 of this complaint as though fully set forth herein.

88.     The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

89.     Plaintiffs' emotional distress have damaged their personal and professional lives because of the severe mental pain and anguish which were inflicted

through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

90.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

91.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 90 of this complaint as though fully set forth herein.

92.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiffs to prevent the physical and mental abuse sustained by plaintiffs.

93.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that injury to plaintiffs or to those in a like situation would probably result from such conduct described herein.

94.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

95.     Upon information and belief, defendant City's negligence in hiring and retaining defendant officers proximately caused plaintiffs' injuries.

WHEREFORE, plaintiffs respectfully pray judgment as follows:

    a.      For compensatory damages against all defendants in an amount to be proven at trial;

    b.      For exemplary and punitive damages against all defendants in an amount to be proven at trial;

    c.      For costs of suit herein, including plaintiffs' reasonable attorney's fees; and;

    d.      For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiffs demand a

trial by jury.

Dated: Brooklyn, New York
        May 21, 2018

UGO UZOH, P.C.

/s/

_____

By:    Ugochukwu Uzoh (UU-9076)
       Attorney for the Plaintiffs
       304 Livingston Street, Suite 2R
       Brooklyn, N.Y. 11217
       Tel. No: (718) 874-6045
       Fax No: (718) 576-2685
       Email: u.ugochukwu@yahoo.com